### McCANTS v. McCANTS.

APPEAL—"CASE."—Conclusions reached by Circuit Judge in this case cannot be reviewed because the necessary data is not set out in the "Case."

Before BUCHANAN, J., Spartanburg, August, 1897. Affirmed.

Action for partition Angellita McCants, by guardian *ad litem*, against Melnotte, Robert, Samuel F., and T. R. McCants. From judgment for partition and refusing accounting by Samuel F. McCants, plaintiff appeals.

*Mr. W. W. Thomson*, for appellant, cites: *Rents, &c., due grantees:* 1 McM. Eq., 17; 1 McC., 233. *Payments by father, gifts, unauthorized, and barred:* Code, 112; 11 S. C., 340; 24 S. C., 592; 21 S. C., 320; 30 S. C., 441.

*Messrs. Hydrick & Wilson*, contra. (Oral argument.)

March 17, 1898. The opinion of the Court was delivered by

MR. JUSTICE POPE. This action has for its object a partition of a house and lot in Spartanburg, in this State, between the plaintiff and the defendants, Melnotte and Robert McCants, and also to require the father of said par-

ties, the .defendant, Samuel McCants, to account for the rents and profits of said house from 1885 to the time of decree. T. R. McCants was made a party defendant, as claiming some interest in the house and lot. The answers of the defendants, Melnotte McCants and Robert McCants, consented to the partition prayed for, but earnestly insisted that their father should not be required to account for rents and profits, as the money he had expended on improvements, the payment of taxes and insurance, and also in paying off a mortgage on the house and lot over it, when he conveyed to the plaintiff and themselves, would be far more than the rents and profits would amount to. The defendant, T. R. McCants, claimed a one-fourth interest in the premises under a deed from Samuel F. McCants, one month later in date than that by the latter to his three children. The answer of the defendant, Samuel F. McCants, amongst other things, set up his expenditures upon the property in the payment of improvements, taxes, insurance, and the mortgage upon the property, together with the money he had paid to the plaintiff, which he alleged largely exceeded the plaintiff's proportionate part of the rents and profits received by him. It was referred to Mr. Norman, as master, to take the testimony and report the same to the Court. The cause came on to be heard before Judge Buchanan. He decided against the claim of the defendant, T. R. McCants, but decreed a partition between the plaintiff and her brothers, Melnotte and Robert McCants. The decree denied to the plaintiff any judgment against her father for rents and profits, expressly holding that the payments made by the father largely exceeded the claim of the plaintiff therefor.

All parties have acquiesced in the Circuit decree except the plaintiff, who appeals upon two grounds in these words: "1. That his Honor erred in holding that, after deducting all proper credits for taxes, insurance, necessary repairs and improvements put upon the premises, and deducting interest on the annual balances to the date of this decree, the defendant, S. F. McCants, has paid to the plaintiff more than

her share of the rents and profits of said premises received by said defendant, instead of finding that said S. F. McCants is justly due to the plaintiff a considerable sum.  2. That his Honor erred in the statement that 'it is unnecessary to pass on the other question raised by the said defendant (S. F. McCants) in his answer; whether he should be allowed credit in his accounting with the plaintiff for the mortgage on the premises paid off by him, after the execution of the said deed, or for value of her services.' " We will now pass upon these grounds of appeal in their order.  The "Case" must govern this Court as to the facts.  From it we are utterly unable to tell what Samuel F. McCants received for rents, and what he paid out for taxes, insurance, and improvements.  The account prepared by the real estate agent, Mr. Elford, which showed these items from the year 1885, is not printed or exhibited with the "Case."  It is, therefore, impossible for us to tell whether the Circuit Judge erred in his conclusions as covered by this ground of appeal or not.  It must, therefore, be dismissed. ·

And as to the second ground of appeal, we are utterly unable to tell from the "Case" whether the Circuit Judge was in error in not passing upon the question of the mortgage and also that of services.  If the balance struck as to receipts and expenditures was in favor of the defendant, S. F. McCants, it was unnecessary to pass upon these other questions.  The Circuit Judge found such balance in favor of S. F. McCants, and from the showing in the "Case," we have found that the Circuit Judge committed no mistake. This ground of appeal must be overruled.

These conclusions render it unnecessary for us to pass upon the suggestion by the defendant, S. F. McCants, that the Circuit Judge should not have allowed interest on the annual balances against him.  It may be remarked in closing this opinion, that courts cannot be too careful in dealing with differences between members of the same family.

It is the judgment of this Court, that the judgment of the Circuit Court be affirmed.